193 So. 175
### BASSETT LUMBER CO. v. HUNTER– BENN & CO. COMPANY.

I Div. 56.

Supreme Court of Alabama.

Dec. 21, 1939.

Rehearing Denied Jan. 25, 1940.

Hamiltons, of Mobile, for appellant.

Smith & Johnston and Harry T. Smith & Caffey, all of Mobile, for appellee.

ANDERSON, Chief Justice.

This is a special assumpsit by the contractor against the owner for an alleged breach of the contract that was before this court on the appeal in the case of Hunter-Benn & Co. Company v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348, from a decree overruling a demurrer to the bill filed by the Bassett Lumber Company, pending foreclosure of the mortgage, seeking to be relieved of a forfeiture of the contract. A full statement of the provisions of the contract will be found in the report of that appeal.

The appeal here is from a judgment of non-suit, taken by the plaintiff, superinduced by the ruling of the court on the defendant's demurrer to the several counts of the complaint as last amended.

To state the substance of the contract, in short, as it appears from the averments of count one, the defendant, as owner of large tracts of merchantable timber, entered into the contract with one Hemphill in which he obligated himself to erect a sawmill on said timber lånds and cut, manufacture said timber into lumber, sell the lumber and collect the proceeds for 70% thereof and turn over to the defendant the remaining 30%, as its share, on or before the 10th of each month during its operation. The contractor engaged to furnish all capital and bear all expense of the operation.

The contract stipulated: "Should the contractor fail to keep and perform any of the provisions of this contract, the owner may, at its election, terminate said contract, and all rights of the contractor to further operate under this contract shall immediately cease, (but his liability for such damages as the owner may have sustained by such breach of contract, shall continue, together with his duty to settle his account arising out of his operations prior to the termination of said contract)."

By the consent of the owner, Hemphill incorporated the plaintiff, Bassett Lumber Company, of which he was to continue the controlling spirit, and said corporation assumed the relation, in so far as the owner was concerned, of co-contractor with Hemphill to perform said contract and to secure its faithful performance, executed a mortgage covering all of the contractor's interest in the contract and the sawmill plant. In this mortgage the right of the owner to terminate the contract because of breaches or defaults of said contractors, was modified by stipulation in the mortgage. The language of the stipulation is:

"But should there be such failure to faithfully perform and keep said covenants, agreements and duties or any one of them, as to occasion any loss, damage or financial injury to the said Hunter-Benn & Co. Company and should such failure continue uncorrected and unremedied for as long as five days after notice thereof in writing as hereinafter provided, is given by said Hunter-Benn & Co. Company to said J. M. Hemphill and said Bassett Lumber Company, together with demand for the correction or remedying of such failure or default, then the said Hunter-Benn & Co. Company, its successors and assigns, are hereby authorized and empowered, subject to the provisions of the five paragraphs immediately following this paragraph, to take possession of all of the above described properties, rights and privileges, and sell * * * the same.

\* \* \* \* \* \*

"If and when Hunter-Benn & Co. Company gives notice in writing to said Bassett Lumber Company and J. M. Hemphill, or either of them, that a failure on their part to perform any of the provisions of said contract has occurred which occasions loss, damage or financial injury to said Hunter-Benn & Co. Company, the facts which constitute such failure shall be set out in the said notice, and the said Bassett Lumber Company and J. M. Hemphill shall have five days from the receipt of such notice in which to correct or remedy the failure or default pointed out."

On January 1, 1931, the contractors, through their failure to pay over to the owner 30% of the proceeds of collections for lumber sold, became indebted to the owner in the sum of $6,488.90, and the owner on January 12th, gave the contractors notices, by letter of that date, that unless the entire debt was paid within five days from the date of said notice we "will treat the contract as breached, take possession of all the property covered by the mortgage * * * and proceed at once to foreclose said mortgage."

On January 20, 1931, the owner notified the contractors, by letter of that date:

"You have failed to make good the default in your contract within a period of five days, as provided by the contract.

"You are hereby notified that the said contract, dated February 7th, 1923, as amended, is terminated, and that all your rights to further operate under this contract have ceased.

"We hereby demand immediate possession of the property described in the mortgage dated July 3rd, 1926."

Count one, after stating the contract substantially as above, avers that at the time of the delivery of said letter of January 20, 1931, "much lumber that had been manufactured under said contract remained unsold by plaintiff and much standing timber covered by said contract remained still standing and uncut and *defendant breached said contract as amended by delivery of said letter to plaintiff, and thus*

*repudiating said contract."* [Italics supplied.]

The other counts of the complaint adopt the averments of count one, as to the substance and legal effect of the contract and counts 2, 5 and 7, aver, as a breach of the contract, that the five days notice was insufficient as a predicate for the termination of the contract according to its terms, in that it failed to state that plaintiff's failure to perform "occasioned loss, damage or financial injury to defendant."

Counts 3, 6 and 8, aver that "defendant breached the contract by taking steps to foreclose the mortgage."

The amendments to the several counts, after the demurrer was sustained to the original counts, relate to the alleged waiver of former breaches by the plaintiff, and the letters written by the defendant to some of the persons who were indebted for lumber purchased, which plaintiff alleges hindered the contractors in obtaining funds to meet its obligation within the five days after notice given.

The pleadings in the case are rendered unnecessarily prolix by the pleader resorting to the expediency of pleading the evidence interlarded with unsupported conclusions. No serious objection seems to have been taken to this form of pleading, and no point is made here in respect thereto. However, it is not to be approved for reasons aptly stated in the early case of Roberts v. Beatty, 2 Pen. & W., Pa., 63, 21 Am.Dec. 410, 413, that: "Such informal, irregular, and illegal pleading increases the difficulties of the court in their decisions, to an extent only perceived by those acquainted with the logical precision to which every point in controversy is reduced and presented by correct pleading. Formal and correct pleading is the foundation on which most of the principles of the common law rest, that common law which our ancestors regarded as their birthright, and the bulwark of their liberties. If we sap the foundation, the superstructure erected by the wisdom and experience of ages, falls prostrate, presenting to the scientific eye, a confused, disjointed, and unintelligible mass."

■ We have repeatedly condemned this form of pleading. Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464.

■■ It is elementary law that a contract may be executed as to one of the parties and executory as to the other, and where one of the parties to a contract has performed everything necessary to be done by him, according to the terms of the contract, the contract, in so far as that party is concerned, is executed and not executory. Southern States Co. v. Long, 15 Ala.App. 286, 73 So. 148; Humphreys-Mexia Co. et al. v. Gammon et al., 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607; 13 C.J. p. 245, § 11; Howe v. Howe & Owen Ball Bearing Co. et al., 8 Cir., 154 F. 820, 83 C.C.A. 536.

■ An executory contract conveys a chose in action while an executed contract conveys a chose in possession. Roberts v. Beatty, 2 Pen. & W., Pa., 63, 21 Am. Dec. 410, 415; 13 C.J. 245, § 11; R.C.L. 590, § 9.

■ Applying these principles, when the defendant owner put Hemphill and the plaintiff in possession of the timber covered by the contract which armed them with the right to proceed with the enterprise of cutting, manufacturing and selling the lumber and collecting the proceeds, the contract leaving nothing to be done by the owner except to receive his 30% of the proceeds of the sales, the contract became executed and vested in the plaintiff and Hemphill a chose in possession, and so long as they complied with the provisions of the contract on their part it was wholly without the power of the owner to repudiate the contract or disturb the vested rights of Hemphill and plaintiff. McAllister-Coman Co. v. Matthews et al., 167 Ala. 361, 52 So. 416, 140 Am.St.Rep. 43; Ingham Lumber Company v. Ingersoll, 93 Ark. 447, 125 S.W. 139, 20 Ann.Cas. 1002.

■ The doctrine that where one party "So wrongfully repudiate the contract as to authorize the other to renounce it and refuse to be longer bound thereby," this may be treated as a breach has no application to executed contracts under which the chose is vested.

■ Such contract can only be rescinded by mutual consent or judicial decree. McAllister-Coman Co. v. Matthews et al., supra.

■ Any attempt, therefore, to repudiate the contract by defendant, so long as the plaintiff and Hemphill complied therewith was wholly abortive and in no way affected their right to proceed with the work thereunder.

.The demurrer to the first count of the complaint as originally filed and as amended was therefore properly sustained.

The stipulations in the contract, in which the owner reserved the right to terminate it on notice because of the defaults of the contractors, are independent stipulations and while such notice "must ·be clear and unequivocal and in accordance with the terms of the stipulations," a failure of the notice to conform to the stipulations is not a breach of the fully executed contract. Such nonconformance at most produces an abortive effort to terminate the contract, and the vested rights of the contractors, in such ·case, would be in no sense affected. Star-Chronicle Pub. Co. v. United Press Ass'n, 8 Cir., 204 F. 217; 13 C.J. 607, § 632; Hector G. Cadieux v. The Montreal Gas Company, 28 Can. S.C. 382; De Gellert v. Poole et al., City Ct.G.T., 2 N.Y.S. 651.

We are of opinion, however, that the notice given by the defendant was sufficient. The breach of a contract to pay money when due, as a general rule, occasions financial injury and entitles the party to whom the money is due to interest as a matter of law, unless the obligation provides to the contrary.

Plaintiff's failure to meet its ·obligation not only authorized the defendant to terminate the contract but to foreclose the mortgage.

The appellant places much stress on the utterance on the former appeal [224 Ala. 215, 139 So. 353]: "The judgment here is that the defendant overstepped its right when it undertook to suspend the complainant's right to sell, and notified complainant's customers not to pay for lumber already sold." The nature of the proceedings before the court on that appeal have been stated—a bill filed by the contractor pending foreclosure to be relieved of a forfeiture on equitable grounds—that proceeding necessarily recognized that complainant's right had been forfeited. The effort of the defendant to suspend the right to sell and the notice to the complainant's customers was not a breach of the contract, because they were acts outside of its provisions, but such acts were a breach of duty growing out of the contract, and what was held, if they prevented the complainant in that case from collecting sufficient funds to meet their obligations, and prevent the forfeiture, the complainant was entitled to relief. The foregoing is sufficient to indicate we are of opinion that the several counts of the complaint were subject to defects pointed out by the demurrer.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.