198 So. 238

### TAN-KAR OIL CO. v. DANLEY et al.

#### 3 Div. 317.

Supreme Court of Alabama.

Oct. 24, 1940.

Gipson & Gipson, of Prattville, for appellant.

Guy Rice, of Prattville, for appellees.

**LIVINGSTON, Justice.**

The Tan-Kar Oil Company, a corporation, filed its bill of complaint in the Circuit Court of Autauga County, Alabama, in equity, against W. H. Danley and Bessie Danley, seeking specific performance of a contract to sell real estate.

The bill of complaint was amended by making L. A. Cherry a party respondent. The amendment alleged that, since the commencement of this suit, W. H. Danley and Bessie Danley conveyed the real estate here involved to the said L. A. Cherry, who bought the same with knowledge of complainant's rights therein.

The contract which is made the foundation of this suit, a copy of which is marked Exhibit A and set forth in and made a part of the bill, is in words and figures as follows:

"June 7, 1939.

"Received of Tan Kar Oil Co. $10.00 dollars, being part purchase money for my residence and filling station situated on Birmingham Highway at McQueen, Ala. Balance of $990.00 to be paid when abstract is furnished and title examined.

"It is understood that there is a mortgage of approximate $3946.18 on said property and an approximate 10 acres of land.

"I am to furnish good warrant title free of all encumbrance except the above mentioned mortgage.

"This option expires Saturday, June 10th, 1939.

"W. H. Danley
"Bessie Danley."

The decree of the lower court sustaining demurrers to the bill of complaint recites: "The court is of the opinion that the bill of complaint is vague, indefinite and uncertain. The description of the alleged property is indefinite and uncertain." From this ruling on demurrers, complainant appeals.

The bill of complaint alleges that "the defendants are the owners and in possession of certain real estate lying and being situate in said county of Autauga, Alabama, and described as follows, to-wit," This averment is followed by a description, by metes and bounds, of two parcels or lots of land, parcel number one and parcel number two. Parcel number one is alleged to contain one and one-quarter acres, more or less, and parcel number two three and eighty-two one hundredths acres, more or less. The bill further alleges, "and on which said property there is a residence and filling station now in the possession of said defendants. Orator further states that on, to-wit, the 7th day of June, 1939, the said W. H. Danley and his wife, Bessie Danley, executed and delivered to orator a contract agreeing to sell said property to it for the sum of $1,000 cash, it being expressly understood there is a mortgage lien upon said property to secure the payment of $3,-946.18, a substantial copy of which said contract agreement is hereto attached as exhibit 'A' and asked to be made a part hereof with leave to refer for all proper purposes."

The question here presented is whether or not the bill of complaint, as now written, brings this case within the well recognized doctrine of "Id certum est quod certum reddi potest," which is supported by a long line of decisions of this Court.

It has been declared by this Court that an exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading of which it is made a part will control such pleading. 49 Corpus Juris 619, section 883; South v. First National Bank of Fayette, 17 Ala. App. 569, 88 So. 219; Lavretta v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3.

In the case of Minge v. Green, 176 Ala. 343, 58 So. 381; 383, this Court, speaking

through Mr. Justice Somerville, said: "That the memorandum description of this farm may be of uncertain application is, of course, apparent. The ambiguity is, however, a latent one, and the description may be made certain in its application to the subject-matter intended by the aid of evidence dehors the writing. 'Id certum est quod certum reddi potest,' is a maxim which has been frequently and liberally applied by this court for the upholding of imperfect descriptions of this character. The intent here was to sell a certain 400-acre farm. It is identified by reference thereto as belonging to the vendor, and as being located about two miles from a designated railroad station. *If there is such a farm owned by the vendor, and if he owns but one such farm, and the bill avers these facts, the application of the given description to the subject-matter intended is freed from all uncertainty, and involves no difficulty whatever.* Indeed, the sufficiency of a description of such a character as this has been so often affirmed by this court as to be no longer open to discussion." (Italics supplied.)

It may be conceded that the instant case falls within the principle enunciated above, as a matter of substantive law, but does it meet the requirements as a matter of pleading?

The bill of complaint avers the ownership and possession by respondents of two parcels of lots of land, describing them by metes and bounds, and further avers, "and on which said property there is a residence and filling station now in the possession of said defendants." There is no averment that the property set out in the bill as parcel number one, and parcel number two, described by metes and bounds, is the same property described in the contract marked exhibit A, and made a part of the bill. There is no averment that respondents own but one residence and one filling station situated on the Birmingham Highway at McQueen Station, Alabama. There is no averment in the bill to the effect that the property described in the bill of complaint is the only property that would fit the description of the property described in the contract. While the description of the property set forth in the contract may be susceptible of being made certain, this certainty must be supplied by averment and proof, and one without the other is insufficient.

It follows that the lower court was not in error in sustaining demurrers to the bill of complaint, and its decree is accordingly affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.