4 So.2d 502

### HEMPHILL v. HUNTER–BENN & CO.

1 Div. 143.

Supreme Court of Alabama.

Oct. 16, 1941.

Rehearing Denied Nov. 27, 1941.

J. Walton Hemphill, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

LIVINGSTON, Justice.

The basis of plaintiff's cause of action as set forth in the several counts of the complaint is a contract entered into between plaintiff and defendant on February 7, 1923, which is marked Exhibit "A", attached to and made a part of the complaint, together with a supplemental agreement between the same parties, dated December 9, 1924, marked Exhibit "B", attached to and made a part of the complaint, and a mortgage executed by the Bassett Lumber Company to defendant on July 3, 1926, marked Exhibit "C", attached to and made a part of the complaint.

For the purposes of this case a sufficient statement of the provisions of the three instruments will be found in the cases of Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348, and Bassett Lumber Co. v. Hunter-Benn & Co., 238 Ala. 671, 193 So. 175.

The lower court sustained demurrers to each count of the complaint. The plaintiff took a non-suit and perfected this appeal.

Exhibit "B" in part provides:

"The following further supplement or addition to said contract is hereby consented and agreed to by said parties;

"It is understood and agreed that J. M. Hemphill has entered into, or proposes to enter into, a contract with McClure Pine Company for the organization of a corporation in which the said Hemphill is to be a substantial stockholder and director, and to which the said J. M. Hemphill will assign this contract and all rights, privileges and benefits accruing to him thereunder, and which corporation shall become the owner of the saw mill plant of McClure Pine Company at Wagar, Alabama. The owner hereby consents to the assignment to said corporation of said rights to be by it enjoyed only so long as said J. M. Hemphill shall remain a stockholder in, and a director of, said corporation, and shall have the management and supervision of the performance of his contract by said corporation. By so consenting the owner does not relieve or release said J. M. Hemphill from his obligation for the full and faithful performance of the contract as modified; that is to say, the owner is willing that the obligation of J. M. Hemphill under this contract shall be performed by such corporation as may be organized for that purpose so long as said Hemphill remains a substantial stockholder, and a director of said corporation, and said contract is performed by said corporation under his management and superintendence, and during such period of time the owner agrees to deal with said corporation in all respects as the owner would deal with the contractor were he individually performing this contract; but should the said Hemphill cease to be connected

with said corporation in the manner aforesaid, or cease to superintend and manage the performance of said contract, and said corporation fail to perform said contract, or any part thereof, to the absolute (not reasonable) satisfaction of the owner, the owner may terminate the rights of said corporation under such assignment, and thereupon the rights of said corporation to further perform said contract shall cease and determine, without prejudice to the rights of the owner against both said corporation and said Hemphill for the breach or breaches of said contract."

Exhibit "C" in part provides: "Whereas, said contract, as amended, modified or supplemented, has by the said J. M. Hemphill been assigned to the Bassett Lumber Company, a corporation organized under the laws of the State of Alabama."

These provisions, incorporated in each count of the complaint, show a transfer of the contract as amended and all rights, privileges and benefits accruing to plaintiff thereunder. Each count of the complaint does allege that "plaintiff alleges that pursuant to the option contained in said supplement he organized a corporation called the Bassett Lumber Company to which he sublet said contract to the extent permitted by it and in accordance with the conditions of said supplement and through and in the name of which he performed said contract." The allegation that plaintiff performed the contract through and in the name of the Bassett Lumber Company contradicts the provisions of Exhibit "B" and "C", which are a part of each count in the complaint.

An exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading of which it is a part will control such pleading. 49 Corpus Juris 619, § 883; South v. First National Bank of Fayette, 17 Ala. App. 569, 88 So. 219; Lavretta v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3; Tan-Kar Oil Co. v. Danley, 240 Ala. 205, 198 So. 238.

Each count of the complaint shows on its face that the interest of plaintiff in the contract sued on was transferred by plaintiff to the Bassett Lumber Company before this suit was commenced. The demurrers were properly sustained.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.