HOBSON, Justice.
Appellant was a member of appellee corporation, a social, club incorporated under F.S. § 617.10, F.S.A. It is. stipulated that the corporation is “located” in Dade County. On June 25, 1954, appellant was, expelled from the group by majority vote of the executive committee, in accordance with the by-laws of the club. He was given no opportunity to be heard. At the tim.e of his expulsion, he was not in E*adc-County but was in Broward County, where he resides.
Appellant instituted mandamus proceed-' ings in the Dade County Circuit Court seeking reinstatement as'a member of the elub.« The club defended on the ground that tth- - der F.S. § 617.10(2), F.S.A,, appellant -w¡as not entitled to be heard. The proviso itx. the statute relied on by the club reads as follows:
“ * * * provided, ■ thát before .his membership shall cease against his consent he shall be given an opportunity to be heard, unless he is absent from-the cotmty where the corporation is located * * (Italics supplied.)
The Circuit Judge ruled for the appellee club, observing in his order that, although it was difficult to understand why an absent member would be denied an opportunity to be heard, that was the import of (he statute, and since the constitutionality of the statute was not raised the court had no alternative but to deny the prayer for the issuance of a peremptory writ.
The sole question presented by appellant here is “Did the lower court, by its judgment of February 9, 1955, correctly interpret and apply the provisions of Sec. 617.10, F.S.A., which reads as follows: [the language of the proviso', quoted above, is given]”
The whole argument of appellant is that the statute was adopted when means of communication were primitive and it would have placed too much of a burden on a club to call in absent members and accord them an opportunity to be heard, • whereas at present this is not true. It is therefore urged that the trial judge “misinterpreted” the statute. Only at the conclusion of the brief is it suggested that the statute may b^ subj ect to a constitutional obj ection, but this *294 suggestion is neither properly briefed nor argued. Consequently, it cannot be said to be raised on this appeal. It therefore appears that appellant’s position is wholly untenable in that the learned Circuit Judge merely followed the plain language of the statute and could have reached no other result on the showing made and point raised. The case is not to be confused with La Gorce Country Club v. Cerami, Fla., 74 So.2d 95, wherein Cerami, who was expelled from a club without an opportunity to be heard, was within the county when expelled.
The judgment must be, and it is hereby, affirmed.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.