172 So.2d 381

S. H. WAUGAMAN

v.

SKYLINE COUNTRY CLUB et al.

1 Div. 196.

Supreme Court of Alabama.

Feb. 25, 1965.

Johnston, Johnston & Courtney, Mobile, for appellant.

Donald F. Pierce and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for Skyline Country Club.

Holberg, Tully & Hodnette, Mobile, for St. Paul F. & M. Ins. Co.

MERRILL, Justice.

This is an appeal from a judgment of nonsuit which was induced by the sustaining of demurrers to the three counts of appellant's complaint as last amended. The suit was for damages for the "wrongful and malicious expulsion" of appellant from membership in Skyline Country Club, Inc., in Mobile.

Counts One, Two and Three of the complaint as last amended aver that plaintiff was a member in good standing of defendant Skyline at the time his wife was seriously injured while playing golf on defendant Skyline's course; that negotiations were entered into with defendant Skyline's public liability insurance carrier (defendant St. Paul Fire & Marine Insurance Company) toward the adjustment of claims arising out of the wife's injuries; that the parties were unable to agree upon an amount in settlement of such claims; that plaintiff and his wife then filed actions at law against defendant Skyline; and that eight days after service of such actions was perfected, plaintiff was wrongfully and maliciously caused to be expelled from his membership in defendant Skyline. Counts One and Two aver that this wrongful and malicious expulsion was because of the filing of plaintiff's action against defendant Skyline, and Count Three avers that the wrongful and malicious expulsion was because of the "presentation or tendering of such claim or claims as aforesaid."

Count Two added that appellant was wrongfully and maliciously expelled without any hearing, and without notice and opportunity to be heard.

Exhibits made a part of the complaint were copies of the complaints in his wife's suit against Skyline for $12,000, his suit against Skyline for $3,000, Skyline's Constitution, By-laws and Articles of Incorporation.

Appellant relies chiefly on the cases of Grand International Brotherhood of Locomotive Engineers v. Green, 210 Ala. 496, 98 So. 569, and News Employees' Benevolent Society v. Agricola, 240 Ala. 668, 200 So. 748, as authority for his contention that the court erred in sustaining the demurrer to the complaint as last amended.

We think there is a marked distinction between associations such as trade unions (involved in the Green case, 210 Ala. 496, 98 So. 569), societies providing credit loans, sick, death and other benefits (involved in the Agricola case, 240 Ala. 668, 200 So. 748), professional associations, trading exchanges and like organizations, affecting a person's right to earn a living on one hand, and private social clubs on the other. Certain conduct, which might not justify expulsion from some other type of association, where membership is a condition to earning a livelihood, or essential to the enjoyment of a contract or property right, may justify expulsion from a private social club, which usually has the primary purpose of affording pleasant, friendly and congenial social relationship and association between the members. State ex rel. Barfield v. Florida Yacht Club, Fla.App., 106 So.2d 207, and cases there cited. The Florida Court held that the expelled member, who was expelled because he had brought a suit for personal injuries against the club in excess of the club's insurance coverage, could not have the expulsion reviewed by the courts, if due procedural requirements had been met and there were no allegations or proof of fraud or bad faith. The court said:

"We agree that the courts should leave to the members of a private social club or to the proper board to which the members have lawfully delegated that power, the right to determine whether the action of a member has been such that, in the opinion of such Board, it would interfere with the pleasant, friendly and congenial social relationship between the members. In the absence of a clear allegation and convincing proof, if the case reaches that stage, of fraud or bad faith, the action of the members or duly delegated board should not be reviewed by the courts."

The Florida court quotes a Florida statute which provides that a member of a social club must be given an opportunity to be heard before expulsion "unless he is absent from the county where the corporation (club) is located." But the Supreme Court of Florida upheld an expulsion of a member of a club without a hearing where he resided in another county. State ex. rel. Randall v. Miami Coin Club, 88 So.2d 293.

We have no statute governing expulsion procedure in social clubs in Alabama. Therefore, the Constitution and the By-laws of a social club constitute a contract between it and its members, and as one of the incidents of membership, a member consents to accept liability to expulsion, if ordered in accordance with the club's regulations, provided that those regulations are valid and do not violate public policy. In Board of School Commissioners of Mobile County v. Hudgens, 274 Ala. 647, 151 So.2d 247, we said:

"One who becomes a member of an association is deemed to have known and assented to its by-laws, rules and regulations and cannot be heard to object to their enforcement thereafter, and such person may validly agree to be bound by the constitution, by-laws, rules and regulations of an association existing at the time the membership begins or those that may be thereafter adopted in accordance with the constitution of such association. * * '*'"

Here, the expulsion section of the by-laws, made an exhibit to the amended bill, provides:

"The Board of Governors shall have the power by the affirmative vote of all members of the Board, to forfeit the membership of any member, or the association of any Associate and to expel any member, for any conduct on his part which is likely, in their opinion, to injure the welfare or character of the Club, or for any other conduct in violation of the By-laws or established rules of the Club. The Board of Governors shall be the sole judges of what conduct is likely to injure the welfare or character of the Club, and what constitutes a violation of the By-laws or established rules of the Club; provided that if the vote be not unanimous, any person who is proposed for expulsion shall be notified and allowed an opportunity to be heard, in which event upon a full consideration of the evidence, expulsion may be ordered upon a majority vote of the Board."

There is no averment that appellant's expulsion was not effected in the exact procedure outlined in the by-laws, and construing the allegations of the pleader more strongly against him on demurrer, we conclude compliance with the section.

Appellant argues that he has made sufficient allegations that the expulsion was wrongful and malicious, but the quoted part of an exhibit to his complaint tends to contradict the allegations, assuming that the allegations are more than mere conclusions.

An exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading of which it is a part will control such pleading. Hemphill v. Hunter-Benn & Co., 242 Ala. 61, 4 So.2d 502; Ivey v. Wiggins, 271 Ala. 610, 126 So.2d 469. The effect of the exhibit is that appellant's conduct did, in the opinion of all twenty members of the Board of

Governors, injure the welfare or character of the Skyline Country Club, and that they voted unanimously to expel him.

There is no allegation that any different procedure was used in appellant's expulsion, none that it was not in strict compliance with the by-laws, and none challenging the validity of the by-laws.

The rule is that a pleading challenged by demurrer is construed against the pleader, and that illegality is not presumed when the facts alleged do not show an illegal act. Gilbert v. Louis Pizitz Dry Goods Co., 237 Ala. 249, 186 So. 179, and cases there cited. The exhibits and the allegations of the complaint do not show an illegal act.

We conclude that the trial court correctly sustained the demurrer of Skyline to the complaint.

We come now to the assignments of error charging that the court erred in sustaining the demurrer of St. Paul Fire & Marine Insurance Company to the complaint as last amended.

Counts One, Two and Three of the complaint as last amended aver in pertinent part as follows:

" * * * She (plaintiff's wife) thereupon reported her injuries to the Defendant, Skyline Country Club, a corporation, who in turn reported the same to the Defendant, St. Paul Fire and Marine Insurance Company, a corporation, which was the public liability insurance carrier for the Defendant, Skyline Country Club, a corporation. That Stephens G. Croom, an agent, servant, or employee of the Defendant, St. Paul Fire and Marine Insurance Company, a corporation, while acting within the line and scope of his authority as such, had sold or delivered the public liability insurance policy of Defendant St. Paul Fire and Marine Insurance Company, a corporation, to Defendant Skyline Country Club, a corporation, or had otherwise caused said defendant Skyline Country Club to purchase or take out said public liability insurance policy from said Defendant St. Paul Fire and Marine Insurance Company, a corporation; and that said Stephens G. Croom was also a member of the Board of Governors of and the Vice-President of said Defendant Skyline Country Club, a corporation, during the time of the occurence of the events hereinafter complained of. * * *

* * * * * *

" * * * and that said Stephens G. Croom, an agent, servant or employee of said Defendant St. Paul Fire and Marine Insurance Company, a corporation, while acting within the line and scope of his authority as such, caused, aided or participated in said (wrongful and malicious) expulsion, * * *."

Appellant contends that these allegations "sufficiently state a cause of action against such defendant." We cannot agree.

The allegations merely show that Croom, as St. Paul's agent, sold public liability insurance to Skyline; that he was a member of the Board of Governors when the question of appellant's expulsion arose; and that he, as agent of St. Paul, conspired in the wrongful and malicious expulsion.

What we have already held as to Skyline—that the complaint presented no facts to show that the expulsion was wrongful or malicious applies also to St. Paul.

Moreover, the allegations quoted supra, while showing that Croom was St. Paul's agent to sell and deliver the insurance policy and that Croom was a member of the Board of Governors, do not aver any facts showing that Croom had been authorized by or was acting on behalf of St. Paul when he voted to expel appellant. The most that can be said for the allegations is that while he was an authorized insurance agent for St. Paul, he was acting in his individual capacity as a member of the Board of Governors of Skyline Country Club in the expulsion matter.

**500**

When it is alleged that the agent did some primary act which he was duly authorized to do (here, sell and deliver insurance), and a secondary and distinct effect is imputed to such act (here, the expulsion of appellant by the Board of Governors of Skyline Club), it is not sufficient to allege the authority of the agent to do the primary act merely, but the secondary effect must be charged directly upon the principal or it must be alleged that the agent was authorized to bind the principal as to the secondary effect. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250. Apt grounds of demurrer raised these and other questions as to the sufficiency of the allegations of the amended complaint.

It follows that the trial court correctly sustained the demurrer of St. Paul to the complaint as last amended.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.