ADELINE HALL, as Administratrix, etc., of FRANK R. HALL, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25086.)

Court of Claims, April 12, 1940.

*Fred H. McIntosh,* for the claimant.

*John J. Bennett, Jr., Attorney-General [John M. Dooley, Assistant Attorney-General,* of counsel], for the defendant.

GIBBS, J. On January 6, 1936, Frank R. Hall was fatally injured when a light truck which he was driving slid off a dirt road into the old Erie canal. There were no eye witnesses to the accident, but it appeared that deceased was driving over a dirt fill in the Erie canal on his way to Lock 18 on the Barge canal, and when he attempted to make a right-angle turn onto the towpath between the Erie and Barge canals his truck went down the sloping bank of the fill and crushed him beneath it. The lock to which he was driving is in German Flatts, N. Y., and is the property of the State of New York. There is a dirt road which runs from State Highway Route 5-S north across the West Shore Railroad tracks to the fill, over the fill sixty-five or seventy feet, and thence along the towpath 1,550 feet. On the day of the accident the dirt road was icy, and there were no warnings or guard rails. The road was for the use of employees of the State and for such other persons who were invited to use it and was maintained by the State Division of Canals; it was not part of the State highway system.

Returning from the lock after taking his father to work about two-thirty P. M. on the day in question, Raymond Pendergrass discovered Frank Hall's truck on the ice in the Erie canal with Hall still in it. He secured help to raise the truck and to carry Hall to the shelter and called an ambulance, which rushed Hall to the hospital, where he died at three-forty-five P. M. from laceration of the brain.

His widow brought this suit as administratrix of his estate, charging that the State was negligent in the construction and maintenance of its road to the lock and that the decedent's death was the direct result of the State's failure to make the roadway reasonably safe. For the purpose of this suit the State's liability for damages must be measured by the same standards that apply to individuals and corporations. (Canal Law, § 120.)

An important feature of the present case is the status of the deceased. Was he on the State's road as a licensee or as an invitee? The witnesses for the claimant and those testifying for the State disagree upon whether or not on January 6, 1936, there was a sign, maintained by the State, at the junction of Highway 5-S and the dirt road to Lock 18, which read, " Barge Canal, Lock 18, Visitors

Welcome." Claimant's witnesses contend such a sign was in place the day of this accident. It is admitted by the State that such a sign had been erected in connection with the publicity of Lock 18 as a prize lock in 1934. The sign was on the ground several months after the accident. If the deceased were a mere licensee he was entitled to protection only against active and affirmative negligence on the part of the defendant. He assumed all the risks of the premises except those resulting from intentional, wanton or malicious acts. (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Ridley* v. *National Casket Co.*, 161 N. Y. Supp. 444.) If he were an invitee the State owed him the duty of guarding him from dangers known to it, but not to him, as an invitee. (*Lindsley* v. *Stern*, 203 App. Div. 615.) It seems apparent from the testimony that the State had issued an invitation at some time to the public to visit the lock. Did this make deceased an invitee to whom the State owed the duty of making its premises safe? In order to come under the class of invitees entitled to protection Hall must have been within the limits of the invitation. The distinction between a visitor who is a mere licensee and one who is on the premises by invitation turns largely on the nature of the business which brings him there rather than on the words or acts of the owner which precede his coming. (3 Cooley on Torts [4th ed.], § 440; *Brister* v. *Flatbush*, 202 App. Div. 294; *Ridley* v. *National Casket Co.*, *supra.*) The nature of Hall's business was in no way connected with the scope of the State's invitation. It is apparent from the complete testimony that Lock 18 was an interesting and unusual lock, and the State desired visitors from all over the country to watch its operations. A woman who lived across the street from the entrance to it testified that thousands of people drove in to watch boats pass through the lock. However, in the winter the canal is not in use; therefore, there was no reason for visitors to venture out to the lock in January. Hall was not on his way to observe the operation of the lock, thus accepting the State's invitation; he was on private business of his own with an employee of the State. He was a visitor with the status of a licensee. His position was similar to that of the plaintiff in *Abbey* v. *Village of Watkins* (175 App. Div. 660). Fourth street in Watkins was torn up and a temporary detour for automobiles was laid out over the canal towpath, which ran parallel to the street. Plaintiff went out on the towpath on foot to watch dredging operations and was hurt. The court held that liability of the village must be measured by the purpose of the detour, and the plaintiff was not making use of it for the purpose for which it was established; therefore, he could not recover.

In the present case there was nothing in the nature of a trap as there was in *Kittle* v. *State* (245 App. Div. 401). The deceased knew all about the condition of the dirt road. The lock operator, Edward Prendergrass, testified that Hall had been over the road many times. That being the case, he assumed a known risk which absolves an invitor from liability. " A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein." (*Griffin* v. *State*, 250 App. Div. 244, 248.) Deceased was a mere licensee and knowingly assumed the risk and the State owed him no affirmative duty to provide him with a safe road.

The claim must be dismissed on the merits.

FRED M. ACKERSON, official referee, acting as judge, concurs.