158 So.2d 650

Mary Ann MORGAN

v.

**J. O. KIRKPATRICK et ux.**

6 Div. 823.

Supreme Court of Alabama.

Dec. 12, 1963.

Huie, Fernambucq & Stewart, Birmingham, for appellees.

Rives, Peterson, Pettus & Conway, Birmingham, for appellant.

LIVINGSTON, Chief Justice.

This cause comes to us on appeal from the Circuit Court of Jefferson County, Alabama. The facts, which are largely undisputed, are as follows:

The plaintiff, a 60 year old woman and a resident of Pensacola, Florida, visited relatives in Birmingham, Alabama, in the summer of 1958. While there, she was invited by the defendants (one of whom is her niece) to visit their summer home at Pinedale Shores, Alabama.

At this summer home, the only means of ingress and egress was a wooden ramp, 6 feet long and 3 feet wide, which rose approximately one foot during its length. The major portion of this rise was in the first 2 feet of the ramp as one stepped onto it from the ground entering the cabin. Thereafter, it leveled out for the remaining 4 feet. It was made of 1 x 8 hardwood, finished, dressed lumber which had been varnished and had a "hardwood gloss" on it.

The plaintiff (appellant here) had not been to this summer home previously. On this particular day, it had been raining, and although the rain had ceased, the ramp was wet. The automobile in which the plaintiff was riding was driven to a point about four feet from the ramp; appellant walked to the ramp, placed her foot on it, and immediately slipped and fell. She suffered a fractured hip, from which there arose numerous complications.

The case was submitted to the jury on Count 1 of the complaint, which averred that the injuries were the proximate result of the defendants' negligence in failing to construct or maintain the ramp in a reasonably safe and suitable condition for its intended purpose. The case went to the jury and there was a verdict and judgment entered thereon in the amount of $7,000.

Defendants filed a motion for a new trial. The motion was granted on the specific reasoning that the relationship between the plaintiff and defendants was that of licensee and licensor and not invitee and inviter, and the court erred in charging the jury that defendants owed to the plaintiff the duty of an invitee rather than that of a licensee. The trial judge was further of the opinion that he was in error in refusing to give, at the request of the defendants, certain written charges addressed to the same point. From the order of the trial court granting the motion for a new trial, this appeal was taken.

We are clear to the conclusion that the learned trial judge acted properly in granting the motion for a new trial. We see no useful purpose in considering separately each of the grounds on which the motion was based. Obviously, the trial judge knew the law as to the duty owed by a licensor to a licensee. His only error at the trial was in thinking that the situation presented did not fall into that category. This error he wisely corrected by granting the motion for a new trial. For this reason, we confine our discussion to the principal issue in the case; i. e., whether a social guest is an invitee or a licensee.

We note at the outset that this case does not occasion a definition of the term "social guest." Concededly, the plaintiff is thus properly categorized.

This is a case of first impression in this state. While we have many times been confronted with the status of a business guest, that of a social guest has never been decided, so far as our research has revealed. Because of this, we suppose, the parties seem to have been in some disagreement over what the real issue in the case was. The appellant has furnished us with very persuasive briefs to the effect that a pecuniary advantage to the landowner from the presence of one upon his premises is not a prerequisite to the status of such person as an invitee, but is merely one factor from which an invitation to be upon the landowner's property may be implied. First National Bank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284; Alabama Bap-

tist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Mudd v. Gray, 200 Ala. 92, 75 So. 468; Southern Railway Co. v. Bates, 194 Ala. 78, 69 So. 131, L.R.A.1916A, 510; Tennessee Coal, Iron & R. R. Co. v. Burgess, 158 Ala. 519, 47 So. 1029; Sloss Iron & Steel Co. v. Tilson, 141 Ala. 152, 37 So. 427; and Alabama Great Southern Railroad Co. v. Arnold, 80 Ala. 600, 2 So. 337. Conceding that this is true, however, it does not aid the appellant's case. All of these cases deal with *business* visitors as opposed to *social* guests. There are different rules pertaining to the two. In an article entitled "Business Visitors and Invitees" which appears in the Minnesota Law Review, Vol. 26 at page 573, 578, Prosser states:

> "* * * Since Southcote v. Stanley [1 Hurlst & N. 247, 156 Eng.Rep. 1195] it has gone undisputed that a private social visitor, although he may have been invited and even urged to come, is merely a licensee entitled to no affirmative care to prepare the premises for his reception. * * *"

Of similar import is the Annotation at 25 A.L.R.2d 598, wherein it is stated in § 3, p. 601:

> "In stating the duty owed by a host to a social guest in his home or similar premises, the courts have variously described the guest's status as that of a licensee, mere licensee, bare licensee, or gratuitous licensee. * * *"

In 65 C.J.S. Negligence § 43(4) g, is the following statement:

> "A person invited onto premises purely as a social guest with no mutuality of benefit in a business or commercial sense has been held not an invitee of the host with respect to liability of the host for injury."

The reason for this can best be explained with the following quotation from the leading case of Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 92 A.L.R. 1002, 1005:

> "* * * A guest enjoying by invitation unrecompensed hospitality at the house of another must be presumed to accept such generous entertainment with an understanding that he accommodates himself to the conditions of his host. He cannot ask for better things than the latter possesses. It is difficult to import into such relationship a duty on the part of the host to make improvements or reconstructions because thereby his home may be more convenient or more safe for those accepting his gratuitous hospitality. The guest must accept the premises as he finds them."

In view of the virtual unanimity of the various jurisdictions on this question, we feel that it would not be helpful to set out in detail many of the cases supporting this position, but among them are the following: Laube v. Stevenson, 137 Conn. 469, 78 A.2d 693, 25 A.L.R.2d 592; Greenfield v. Miller, 173 Wis. 184, 180 N.W. 834, 12 A.L.R. 982; Page v. Murphy, 194 Minn. 607, 261 N.W. 443; McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344; Lewis v. Dear, 120 N.J. L. 244, 198 A. 887; McHenry v. Howells, 201 Or. 697, 272 P.2d 210. There are many others; see Annotation 25 A.L.R.2d, supra.

We find only one jurisdiction which does not accept this view; that is Louisiana, where it was held in the cases of Daire v. Southern Farm Bureau Casualty Ins. Co., La.App., 143 So.2d 389, and Alexander v. General Accident Fire & L. Assur. Corp., La.App., 98 So.2d 730, that "[a] social guest is an 'invitee.'" Perhaps these decisions can be explained by the fact that Louisiana follows the civil law and the principle that a social guest is a licensee arose out of the English common law. Be that as it may, we are of the opinion that that majority view is the better reasoned of the two and should be adopted in this state.

The judgment of the trial court is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.