222 So.2d 717

**Wilburn C. SAMMONS**

*v.*

**R. L. GARNER et ux.**

6 Div. 528.

Supreme Court of Alabama.

May 1, 1969.

Rehearing Denied May 29, 1969.

London, Yancey, Clark & Allen, Birmingham, for appellees.

Windham, Perdue, Johnson & Bryan, Birmingham, for appellant.

SIMPSON, Justice.

This is a suit for damages filed by the appellant for the death of his minor son, and also appellant's suit for damages resulting to him by virtue of the personal injury sustained by appellant's wife on the same occasion.

The amended complaint contained 12 counts, nine relating to the death of the minor child and three relating to the personal injury sustained by appellant's wife.

The appellees herein, defendants below, filed demurrers to these counts, containing some 136 grounds which were sustained. Appellants took a nonsuit and appealed.

The gravamen of the complaint is the following:

On September 10, 1964, the plaintiff's minor son, Barry Maurice Sammons, then three years of age, visited in the home of the defendants, accompanied by his mother, plaintiff's wife. It is alleged that the small child and his mother were on the premises of the defendant by invitation, express or implied. While so visiting, the small child went into a utility room adjacent to the home of defendants. It is alleged in one count that while in the utility room adjacent to a carport connected to the residence located on said premises, and at a place which was within the scope of said invitation, the said utility room was unsafe by reason of an uncapped can or container of gasoline imminently dangerous, all of which facts were known, or should have been known, to the defendants; and plaintiff further avers that the defendants negligently failed to take precautions to keep the premises reasonably safe for said minor and at said time and place said can or container of gasoline caught fire or otherwise exploded, and as a proximate consequence thereof the minor was so burned, etc. that he died. The other counts allege these facts in various ways.

The single question before us is whether the trial court erred in sustaining demurrers to these counts.

■ In every action grounded upon negligence there are three essential elements to a right of recovery. First, a duty owing from the defendant to the plaintiff; secondly, a breach of that duty; and third, an injury to plaintiff in consequence of that breach. Simpson v. Ward, 38 Ala.App. 49, 77 So.2d 376.

■ We must examine this complaint based upon those principles. Initially, it is now settled in this state that for purposes of defining the duty flowing from the host to a social guest, a social guest has been defined in this state as a licensee, not an invitee. Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650. This case also defined the duty owed to a licensee as follows, citing Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 652, 92 A.L.R. 1002, 1005:

> " ' * * * A guest enjoying by invitation unrecompensed hospitality at the house of another must be presumed to accept such generous entertainment with an understanding that he accommodates himself to the conditions of his host. He cannot ask for better things than the latter possesses. It is difficult to import into such relationship a duty on the part of the host to make improvements or reconstructions because thereby his home may be more convenient or more safe for those accepting his gratuitous hospitality. The guest must accept the premises as he finds them.' "

The duty owed to a licensee, and especially to children of tender years, is expressed in Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407, and followed in Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, where it is stated:

> " * * * though the proprietor is not responsible for the negligent act or omission, * * * yet the inherently dangerous character of the instrumentality installed or created on his premises raises the 'proprietor's duty to take reasonable care that his invitees or licensees will not suffer injury from such agency, and this duty is emphasized where notice or knowledge of the customary presence of children about such danger is possessed by the proprietor'; that is to say, 'an element of this duty is the' law's 'exaction that a proprietor shall exercise

reasonable care and diligence to inspect his premises, with a view to becoming sufficiently advised to meet this duty's demand toward those who it is reasonable to expect will enter the premises'. Golson v. Covington Mfg. Co., 205 Ala. 226, 229, 87 So. 439, 441 * * *."

It is the appellant's contention that the uncapped can of gasoline involved in this case is of inherently dangerous character so as to bring the case within the above rule. Indeed appellant states in brief that many of the counts were drawn to comply with the rule stated in Thompson v. Alexander City Cotton Mills Co., supra. We agree that the *Thompson* case cites with approval from Thompson on Negligence, as follows:

"The rules of law applicable to this case are well stated by Mr. Thompson in his valuable work on Negligence, as follows (section 1030): 'We now come to a class of decisions which hold that landowner liable in damages in the case of children injured by dangerous things suffered to exist unguarded on his premises, where they are accustomed to come with or without license. These decisions proceed on one or the other of two grounds: (1) That, where the owner or occupier of grounds brings, or artificially creates, something thereon, which, from its nature, is especially attractive to children, and which, at the same time, is dangerous to them, he is bound, in the exercise of social duty and the ordinary offices of humanity, to take reasonable pains to see that such dangerous things are so guarded that children will not be injured by coming in contact with them. (2) That, although the dangerous thing may not be what is termed an "attractive nuisance" (that is to say, may not have especial attraction for children by reason of their childish instincts), yet where it is so left exposed that they are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them from its being so exposed, and is bound to take reasonable pains to guard it, so as to prevent injury to them.' "

While we might agree with the statement from *Thompson,* supra, yet we are far from convinced that the facts of this case, as this court concluded in Thompson v. Alexander City Cotton Mills Co., supra, fall within the rule there stated. First, the facts alleged here do not bring the case within the "attractive nuisance" doctrine. This was the conclusion in *Thompson* where this court held that a pool of hot water on the defendant's premises into which the plaintiff's minor intestate fell, did not constitute an attractive nuisance under that doctrine. Secondly, we cannot conclude that the uncapped can of gasoline amounted to an inherently dangerous artificially created instrumentality. No facts are alleged to indicate how or why the explosion or fire occurred. But be that as it may, we agree with the trial court that the counts of this complaint do not meet the requirement of the law in that they fail to allege that the defendants breached a duty flowing by virtue of law to the plaintiff's intestate. There are a long line of cases not involving social guests but involving trespassing children and licensee children collated in an excellent article entitled "The Tort Liability of Possessors of Property to Trespassing Children in Alabama" by Hon. Clifford Fulford, 11 Ala.L.Rev. 1 (1959). A review of these cases convinces us that the trial court correctly sustained the defendants' demurrers to all counts of the complaint.

These counts fail to establish a duty flowing from the defendants to the plaintiff and further fail to establish that duty by showing an attractive nuisance within the meaning of our cases.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.