231 So.2d 321

**Michael Eugene KENT, a Minor, etc.**

**v.**

**The COLEMAN COMPANY, Inc., a Corporation, et al.**

**8 Div. 343.**

Supreme Court of Alabama.

Feb. 5, 1970.

Heflin & Rosser, Tuscumbia, for appellant.

Almon & McAllister, Sheffield, Mitchell, Poellnitz, Cox, Robison & McBurney, Florence, for appellees.

MERRILL, Justice.

Appeal from a judgment of nonsuit taken by plaintiff after a demurrer of each of the two defendants had been sustained to the three counts of the complaint, as amended.

The judgment entry shows that the plaintiff filed his complaint, consisting of Counts 1 and 2, against the defendant, The Coleman Company, and defendants Patterson, husband and wife. The Coleman Company and the Pattersons filed separate demurrers and they were sustained. Count A was added to the complaint, and was amended. The separate demurrers of the defendants to the complaint, as amended, were sustained. We quote from the remainder of the judgment entry, dated August 15, 1968:

"Thereupon the plaintiff, in open court, moves the court that a voluntary non-suit be entered in this cause because of the court's adverse ruling on the said demurrers and, such motion having been considered by the court, it is hereby ordered and adjudged by the court that a non-suit be, and the same is hereby, entered in this cause, with leave to plaintiff to appeal; that plaintiff pay the costs in this behalf expended, for which let execution issue; and that the defendants go hence."

Assignment of error 3 charges that the court erred in sustaining defendants' demurrers to the complaint as originally filed. In Roan v. Associates Discount Corporation, 281 Ala. 100, 199 So.2d 643, we said:

"We have consistently held that where a demurrer to a count is sustained and that count is later amended and a demurrer sustained to the amended count, and a nonsuit is taken, the action of the trial court in sustaining the demurrer to the original count is not before us for review, and we are without authority to review it. The reason for the rule is that if the plaintiff had desired a decision upon the question presented on demurrer to the original complaint, he could have declined to plead further after the demurrer to the original complaint was sustained, and in this way, have presented to us, by way of an appeal from a nonsuit, that question for review. Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461; Mullins v. Alabama Great Southern Ry. Co., 239 Ala.

608, 195 So. 866; Alabama Great Southern Ry. Co. v. H. Altman & Co., 191 Ala. 429, 67 So. 589; Calvert Fire Ins. Co. v. Maddox, 38 Ala.App. 194, 82 So. 2d 277."

■ The rulings of the court on Counts 1 and 2 are not before us and assignment of error 3 is without merit. This also disposes of assignments of error 1 and 2, which complain of the sustaining of the demurrers "to the Complaint and to the Complaint as amended." The rule is that an assignment of error which embraces more than one ruling, must to be sustainable, be good as to all. Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281; Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

Assignment 4 charges error in the sustaining of the demurrers to Count A, as amended. In essence, the count alleges that the plaintiff, a one-year-old boy, was an invited guest in the home of the Pattersons and while he was walking in their home he "came in contact with the grate of the floor furnace in said home of the Defendants which said grate of said floor furnace was level with the floor and was designed to be walked on and across," and was severely burned. It also charged The Coleman Company with designing the furnace so that the grate would be flush with the floor, and charged the Pattersons with negligence in allowing the grate to become excessively hot, thereby becoming a trap or pitfall and with adjusting the temperature controls too high; and charged Coleman with negligence in designing the furnace with a floor level grate "without any type safety device to cut off the operation of said furnace when said grate becomes excessively hot."

Several grounds of the demurrer filed by the Pattersons raised the point that the count showed on its face that plaintiff was a licensee, and there was no breach of duty.

■ In Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650, this court held, in a case of first impression, that a social guest in a home is a mere licensee, and we quoted with approval the following from Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 92 A.L.R. 1002:

" '* * * A guest enjoying by invitation unrecompensed hospitality at the house of another must be presumed to accept such generous entertainment with an understanding that he accommodates himself to the conditions of his host. He cannot ask for better things than the latter possesses. It is difficult to import into such relationship a duty on the part of the host to make improvements or reconstructions because thereby his home may be more convenient or more safe for those accepting his gratuitous hospitality. The guest must accept the premises as he finds them.' "

This holding was followed in another nonsuit case, Sammons v. Garner, 284 Ala. 131, 222 So.2d 717, where the rule was applied to a minor child, three years of age, and the rule was followed in our recent case of Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469.

The thrust of appellant's argument is that Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650, should either be overruled or a different rule applied to a child of tender years. Under the cited cases, we cannot agree.

■ As to the allegation of "trap or pitfall" as to children, we held in Sammons v. Garner, supra, that the proprietor of premises owes a duty to a licensee, especially to a child of tender years, to take reasonable care that his invitees or licensees will not suffer injury from an inherently dangerous instrumentality installed or created on his premises. In Greater Louisville First Federal Savings & Loan Ass'n v. Stone, (Ky.) 242 S.W.2d 739, a fifteen-months-old boy grasped an exposed radiator pipe in a room in a building and was burned. The court said:

"In the instant case, an uncovered radiator pipe is a thing in common use. It is a matter of common knowledge that uninsulated raditor pipes exist everywhere. There is no difference in principle between an exposed radiator pipe and an unguarded hot coal stove. Formerly, coal stoves were in general use and are still to be found in most rural homes and in many small town business places. A hot object is not inherently attractive to children and is dangerous only when contact is made with it. No one would assume, or even argue, that a country merchant would be liable to a child that came into his store and received a burn by touching a ied hot stove. With reference to radiators, and likewise with hot stoves, the practice of not covering or guarding them is so usual and widespread that no property owner should be held to anticipate that any injury would ever occur by reason of the existence of such a commonplace condition.

"We cannot read into this case positive, active negligence upon the part of appellant. The care taken by people generally to prevent injury from instruments of common use is the proper criterion for courts to consider in determining what constitutes due care with respect to the use of such instruments. An uncovered radiator pipe is an instrument in common use, and it is a standard, approved practice to leave radiator pipes exposed. Therefore, having and keeping radiator pipes uncovered in a building, is not a negligent act upon the part of the possessor of property."

■ We think the same could be said of the ordinary floor furnace used to heat so many rooms, dwellings and buildings, and that a floor furnace is not an inherently dangerous instrumentality.

■ Under the cited authorities, the trial court correctly sustained the Patterson demurrer to Count A, as amended. Having so held, we are not concerned with the ruling on The Coleman Company demurrer, because it was included as one of the demurrers in the assignment of error. The same rule already cited, that an assignment of error which embraces more than one ruling must, to be sustainable, be good as to all, would apply here. Authorities supra.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.