258 So.2d 730

**Randy Warren NELSON, a minor suing by and through his father and next friend Curtis Nelson**

**v.**

**W. A. GATLIN.**

**4 Div. 428.**

Supreme Court of Alabama.

Feb. 10, 1972.

Rehearing Denied March 9, 1972.

---

William D. Melton, Evergreen, for appellant.

Powell & Sikes, Andalusia, for appellee.

PER CURIAM.

As ultimately amended, the complaint here under consideration consisted to two counts, Count 5A and Count 7A. The lower court sustained defendant's demurrers to each of these two counts, whereupon the plaintiff moved for a non suit with leave to appeal. This motion was granted and the plaintiff thereafter perfected his appeal to this court.

Count 5A avers in substance that the defendant had undertaken as a cub scout leader or den master, to supervise the activities of the plaintiff, nine years of age, and the other members of his cub scout pack at a meeting, called by the defendant as leader of the pack, at his home in Andalusia; that after undertaking the supervision of the activities of plaintiff, the defendant negligently failed to adequately supervise the activities carried on at the meeting on defendant's premises in that the defendant negligently permitted the members of the cub scout pack to engage in rowdy, boisterous, and unsupervised play in defendant's yard during said meeting while the plaintiff was under defendant's supervision and control as such cub scout leader; and as a proximate result of the negligence of the defendant to properly supervise the activities of the plaintiff at said time and place, the plaintiff received personal injuries as a direct result of the defendant's failure to supervise the activities of the plaintiff and in the course of said unsupervised play the plaintiff's ankle was

badly broken when he was caused to fall or be thrown over an old automobile tire located on defendant's premises, and he was injured. The plaintiff's injuries are catalogued. The count concluded by averring that plaintiff's injuries were the proximate result of defendant's negligent failure to properly supervise the activities carried on at the said meeting after the defendant had undertaken the supervision as aforesaid.

Count 7A asserts that the plaintiff was invited by the defendant to attend the cub pack meeting at defendant's home, and while on the premises as an invitee he stepped upon or was caused to step upon a tire, all of which facts were known to the defendant, and unknown to the plaintiff, and that as a proximate result of stepping upon the tire, he fell or was caused to fall and as a proximate result he received certain catalogued physical injuries. The count further averred that all of plaintiff's injuries were the proximate result of the negligence of the defendant in negligently failing to use due care to keep the premises reasonably safe from a concealed, direct, or dangerous condition known to the defendant but not known to the plaintiff, and not made known by the defendant to persons on the premises as invitees, and that the defendant negligently placed or allowed said tire to remain on his premises knowing that any invited guest such as the plaintiff, would likely be caused to step on said tire and be thrown to the ground.

The court sustained the demurrers to Count 5A and 7A on the asserted grounds that, (1) neither count stated a cause of action against the defendant, and (2) that each count failed to allege a duty owed by the defendant to the plaintiff.

■ A pleading, when assailed by a demurrer, must be construed most strongly against the pleader. Waugaman v. Skyline Country Club, 277 Ala. 495, 172 So.2d 381; Livingston v. Bedford, 284 Ala. 323, 224 So.2d 873.

■ It is established by our decisions that one on the premises of another as a guest, whether by an implied or a specific invitation, nevertheless occupies the position and status of a licensee, rather than an invitee, insofar as concerns the degree of care owed by the owner of the premises to the social invitee or guest. Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650; Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469; Kent v. Coleman Company, Inc., 285 Ala. 288, 231 So. 2d 321.

■ The duty owed a licensee by an owner of premises is not to willfully or wantonly injure him, or not to negligently injure the licensee after discovering he was in peril. Autry v. Roebuck Park Baptist Church, supra, and cases cited therein.

■ We need not advert in considering this case to those situations where a landowner, knowing that small children are likely to be present, maintains an inherently dangerous contrivance thereon which is alluring to children, nor to the doctrines enunciated in the attractive nuisance cases. This for the reason that an old automobile tire on one's premises is not an inherently dangerous contrivance, nor is it an attractive nuisance. Further, the counts were not framed on either of such theories.

■ Since the duty owed the plaintiff was not to willfully or wantonly injure him, or to negligently injure him after discovering that the plaintiff was in peril, the counts here being considered, charging negligence only, did not charge any breach of duty owed by the defendant to the plaintiff under the averred circumstances, i. e., that the defendant willfully or wantonly injured the plaintiff. The court properly sustained the demurrers to each count.

In brief counsel for plaintiff-appellant argues that the plaintiff should, under the facts, be regarded as a true invitee rather than a licensee because, as counsel contends, the defendant received a benefit from serving as a den master of the scout

pack. This benefit, according to counsel, arises from the fact that being a scout den master "is a community service and has great moral benefits. It places the Den Master above the ordinary citizen. It separates him apart from the ordinary citizen."

The fallacy of this argument is that the ordinary invitor-invitee relationship grows out of a business transaction of some nature and the true invitee entered the premises for the mutual benefit of both parties. The benefit flows from one party to the other. The benefit which counsel would assert arises not from the visitor, but from public esteem generated because the den master was willing to perform a community service—a purely pro bono publico act, independent of the membership of the scout pack, and in no way flowing from the membership. We would think that every host would hope to acquire some degree of esteem by being hospitable, and the nature of the hospitality here involved is not different from having any group of people in one's home.

■ The distinction between a visitor who is a licensee and one who is an invitee turns largely on the nature of the visit which brings the visitor on the premises rather than the acts of the owner which precedes the visitor's coming. See Hall v. State, 173 Misc. 903, 19 N.Y.S.2d 20. Under the facts averred the plaintiff's visit to defendant's premises was clearly social in nature, and he was on the premises as a licensee.

Affirmed.

LAWSON, MERRILL, COLEMAN, BLOODWORTH and McCALL, JJ., concur.

HARWOOD, Justice (dissenting):

We concur in the view of the majority of our brethren that the demurrer was properly sustained as to Count 7A. However, we are not in accord with the view of the majority that the demurrer was properly sustained as to Count 5A.

Count 5A is as follows:

"The plaintiff, age 9, claims of the defendant the sum of $30,000 as damages for that heretofore on to-wit, the 16th day of April 1969, the defendant had undertaken as a cub scout leader, to-wit, Den Master, to supervise the activities of the plaintiff and other members of his cub scout pack at a cub scout meeting called by the defendant as such Den Master at his home in Andalusia, Covington County, Alabama.

"And plaintiff avers that after having undertaken the supervision of the activities of the plaintiff, as aforesaid, the defendant did, then and there, negligently fail to properly and adequately supervise the activities carried on at said meeting on his said premises, as aforesaid, in that the defendant negligently permitted or allowed the plaintiff and other members of said cub scout pack to engage in rowdy and boisterous play in the yard of the defendant during the said meeting, and while the plaintiff was under the supervision and control of the defendant as said scout leader, as aforesaid, and as a proximate result and consequence of the negligent failure of the defendant to properly and adequately supervise the activities of the plaintiff at said time and place the plaintiff sustained personal injuries and damages when as a direct result of the defendant's failure to supervise the activities of the plaintiff and in the course of said rowdy and boisterous unsupervised play the plaintiff's right ankle was badly broken when he was caused to fall or be thrown over an old automobile tire located on the premises of the defendant, as aforesaid, whereby the plaintiff was injured in this to-wit: his right ankle was badly broken; his right ankle will be permanently stiff; he was permanently injured; he suffered, continues to suffer and will in the future suffer great physical pain and mental

anguish; his normal boyhood activities have been restricted.

"And plaintiff avers that all of his said injuries and damages, as aforesaid, were the proximate result and consequence of the negligent failure of the defendant to properly supervise the activities carried on at said meeting after having undertaken the supervision of said activities as aforesaid, hence this suit."

It is apparent from a reading of Count 5A that the gravamen of the wrong alleged therein is the negligent supervision of the plaintiff, a boy nine years of age, after such supervision had been undertaken by the defendant as scout master.

In this, Count 5A differs from Count 7A which was posited on the care owed a licensee injured on defendant's premises.

In Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674, and Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594, the following rules are set forth for determining the sufficiency of a count in a personal action. We refrain from listing the authorities cited in those two cases in support of the principles enunciated.

Every action in tort consists of three elements, (1) the existence of a legal duty by the defendant to the plaintiff, (2) a breach of that duty, (3) damages as a proximate result.

If the alleged acts in themselves do not constitute negligence as a matter of law but are merely sufficient to suggest and support an inference of negligence, the complaint must characterize the acts as negligence, and it is not enough that negligence be merely assumed. However, where the count alleges facts from which negligence may be reasonably inferred, followed by averments characterizing such acts as negligently done, the plaintiff assumes the burden to prove negligence in the particular case, and the count is sufficient as an allegation of defendant's negligence.

In Aircraft Sales & Service, Inc. v. Bramlett, 254 Ala. 588, 49 So.2d 144, it is set forth:

"* * * but we think the rule in Alabama is firmly established that where a situation is averred to show a duty owed by the defendant to the plaintiff to exercise due care, a failure to do so is negligence and that negligence may be counted on in general terms."

Count 5A shows a duty owed by the defendant to the plaintiff in that as den master he undertook to supervise the activities of the plaintiff and other members of the cub scout pack at a meeting called at defendant's home; it avers a breach of that duty in that the defendant negligently failed to properly supervise the activities carried on at his home by negligently permitting the plaintiff and other members of the scout pack to engage in unsupervised, boisterous and rowdy play while the plaintiff was under the supervision and control of the defendant, and as a proximate result of the negligent failure of the defendant to properly supervise the activities of the plaintiff at the time and place the plaintiff sustained personal injuries, etc.

Count 5A meets the standards set forth above for the construction of a count seeking damages for personal injuries resulting from the negligence of a defendant. It is our view therefore that the court erred in sustaining the demurrer to said count.

Counsel for appellee (defendant below) takes the position that since Count 5A averred that the negligent supervision by the defendant took place at defendant's home, disposition of the count should yet be on the basis of duty owed a licensee. We cannot agree. As before stated, the gravamen of the count is negligent supervision. The place at which such negligent supervision took place cannot affect the duty owed the plaintiff under the averments of the count. The location of the alleged breach of duty is unimportant, whether it occurred on the plaintiff's premises, or elsewhere.

**156**

Counsel for appellee argues further that the demurrer to the complaint was properly sustained because of a misjoinder of causes of action in that Count 5A avers that the injury occurred at the defendant's home in Andalusia, Alabama, while Count 7A alleges that the injury occurred at the defendant's home in Opp, Alabama. Ground 6 of the demurrer asserted a misjoinder of actions on such basis.

There is no merit in this contention.

Section 220, Title 7, Code of Alabama 1940, specifically provides that all actions ex delicto may be joined in the same suit. Even in the face of this statute, good pleading would seem to dictate that separate and distinct causes of action should not be joined in the same count of a complaint. See Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 So. 334.

However, since it is our view that Count 5A did sufficiently state a cause of action based on the negligent supervision of appellant by the appellee, this judgment should be reversed.

HEFLIN, C. J., and MADDOX, J., concur.