346 So.2d 950 (1977)
Michael Wayne McMULLAN, a minor who sues through his father and next friend, Larry Eugene McMullan and Larry Eugene McMullan
v.
Jerome BUTLER.
SC 1978.
Supreme Court of Alabama.
June 3, 1977.
*951 Rodney B. Slusher, Florence, for appellant.
Robert E. Jones, Florence, for appellee.
ALMON, Justice.
Larry Eugene McMullan, appellant, sued Jerome Butler, appellee, on behalf of himself and his 14 year old son, Michael Wayne McMullan, appellant. Michael sustained neck injuries when he allegedly slipped on a wooden platform which had mud and water on it while diving into the backyard pool about 3 feet in height and about 12 feet wide. Butler's two boys were swimming with Michael at the time. Appellants admit that Michael was a social guest.
In the appellants' complaint, they alleged that Appellee Butler "negligently, carelessly, recklessly, and knowingly failed to care for, control and supervise" Michael McMullan while he was swimming in the appellee's pool and failed to properly install, maintain and operate the pool. The trial court granted appellee's motion for summary judgment based on the depositions of the appellants and appellee. We affirm.
Appellants request that we abolish the status classification of trespassers, licensees, and invitees in land occupancy cases. Rather, they would require the owner or occupant to use reasonable care under all the circumstances for the protection of any person who should come on the land. A number of states and the District of Columbia have drafted such a rule of law or a modified version of it into their common law; e. g., Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968); Pickard v. City and County of Honolulu, 51 Haw. 134, 452 P.2d 445 (1969); Smith v. Arbaugh's Restaurant, 152 U.S.App.D.C. 86, 469 F.2d 97 (1972); Mile High Fence Company v. Radovich, 175 Colo. 537, 489 P.2d 308 (1971); Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973); Mariorzeni v. DiPonte, Inc., 114 R.I. 294, 333 A.2d 127 (1975). See also Sargent v. Ross, 113 N.H. 388, 308 A.2d 528 (1973) for a similar result in landlord-tenant law. Our sister state of Florida has not gone as far as others, but applies the duty of reasonable care to "licensees by invitation." Wood v. Camp, 284 So.2d 691 (Fla., 1973). See also Peterson v. Balach, 294 Minn. 161, 199 N.W.2d 639 (1972); and Conn.Gen.Statute, Rev. to 1977, § 52-557a. We note, however, that this "trend" to abolish or alter land occupancy classifications continues to be the minority position in this country. 25 A.L.R.2d 598 and LCS; 32 A.L.R.3d 508.
In Alabama a social guest is a licensee. Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650 (1963). The duty owed a licensee by an owner of premises is not to willfully or wantonly injure him, or not to negligently injure the licensee after discovering he is in peril. While exceptions to this rule do exist, appellants do not contend on appeal that they fall under any of the exceptions. Hickey v. Charlton, Ala., 335 So.2d 389 (1976) (attractive nuisance); Tolbert v. Gulsby, Ala., 333 So.2d 129 (1976) (dangerous instrumentality); Standifer v. Pate, 291 Ala. 434, 282 So.2d 261 (1973) (duty to supervise). The reason for this rule is the belief that a guest should not expect better than what the host has, but should, rather, accommodate himself to the conditions of his host. Morgan, supra.[1] We believe the situation before us falls logically within the scope and reasoning of the rule.
". . . I do not think it unreasonable or unfair that a social guest (classified by the law as a licensee, as was *952 plaintiff here) should be obliged to take the premises in the same condition as his host finds them or permits them to be. Surely a homeowner should not be obliged to hover over his guests with warnings of possible dangers to be found in the condition of the home (e. g., waxed floors, slipped rugs, toys in unexpected places, etc., etc.) . . ." Rowland v. Christian, supra, 69 Cal.2d at 121, 70 Cal. Rptr. at 105, 443 P.2d at 569, dissenting opinion of Justice Burke.
The judgment in this cause is therefore affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, SHORES, EMBRY and BEATTY, JJ., and Retired Circuit Judge, sitting by designation of the Chief Justice, concur.
JONES, J., dissents.
JONES, Justice (dissenting):
I respectfully dissent.
For a scholarly analysis on landowner liability in Alabama, see Gusty Yearout's article, "Landowners Responsibility to Children," Alabama Defense Lawyers Journal, April, 1977, p. 76.
NOTES
[1] See Tit. 47, § 281 et seq., Code of Alabama 1940, Recompiled 1958.