463 F.Supp. 107 (1978)
Ronald BAINES and Laverne Baines, Plaintiffs, American Mutual Liability Insurance Company, Plaintiff-Intervenor,
v.
U. S. PIPE AND FOUNDRY COMPANY, INC., Jim Walter Corporation, Jim Walter Associates, Advance Construction Equipment, Inc., Advanced Construction Company, Inc., Advanced Construction, Inc., C T Corporation System, Inc., Symons Corporation, Defendants.
Civ. A. No. 77-G-0829-W.
United States District Court, N. D. Alabama, W. D.
December 27, 1978.
Amended Memorandum Opinion February 16, 1979.
*108 James J. Jenkins, Phelps, Owens & Jenkins, Tuscaloosa, Ala., for plaintiffs Ronald Baines and Laverne Baines.
Duncan Y. Manley, Rives, Peterson, Pettus, Conway, Elliott & Small, Birmingham, Ala., for plaintiff-intervenor.
James W. Gewin, Bradley, Arant, Rose & White, Birmingham, Ala., for defendants U. S. Pipe and Foundry Co., Jim Walter Corp., and Jim Walter Associates.
Hugh W. Roberts, Jr., and Robert Land, Roberts & Davidson, Tuscaloosa, Ala., for defendants Advance Construction Equip., Inc. and Symons Corp.

AMENDED MEMORANDUM OPINION
GUIN, District Judge.
This diversity case is before the court on defendants' motions for summary judgment. Plaintiff Ronald Baines is a former employee of Underground Development Company, an independent contractor employed by defendant U. S. Pipe and Foundry Company, Inc., a subsidiary of defendant Jim Walter Corporation, to construct a coal mine. On June 20, 1976, Mr. Baines, while working as a coal miner or construction coal miner in the state of Alabama, fell through an unguarded hole in a "work deck," or metal platform, supplied by defendants Symons Corporation or Advance Construction Equipment, Inc., about 30 feet, the fall severely injuring him. Mr. Baines seeks damages for personal injuries; his wife, for loss of consortium. American Mutual Liability Insurance Company has intervened as a party plaintiff, alleging that it has paid Mr. Baines workmen's compensation benefits on account of his injuries and should, therefore, be subrogated to his rights against defendants to the extent of the benefits paid.
Plaintiffs claim that defendants Symons Corporation or Advance Construction Equipment, Inc., negligently designed, manufactured, or sold the work deck in a condition *109 unreasonably dangerous to Mr. Baines, its ultimate user, and seek damages under a common law negligence theory, Code of Alabama 1975, Section 7-2-314, and Alabama's Extended Manufacturer's Liability Doctrine. Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976).
To prove a claim under Alabama's Extended Manufacturer's Liability Doctrine, plaintiffs would have to show that Mr. Baines:
(1) ... suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach its user or consumer without substantial change in the condition in which it is sold.
335 So.2d at 132-33. To prove a claim under a common law negligence theory, plaintiffs would have to show that defendants acted unreasonably and that their unreasonable activities approximately caused Mr. Baines' injuries. Sammons v. Garner, 284 Ala. 131, 222 So.2d 717 (1969). To prove the claim under Code of Alabama 1975, Section 7-2-314, plaintiffs would have to show, among other things, that the work deck was defective in that it was not manufactured with proper safety equipment.
The record reveals that the manufacturer defendants are in the business of selling work decks and that the work deck in question did, as expected, reach its user without substantial change in the condition in which it was sold. The record also reveals, however, that the work deck was sold with proper safety chains and equipment, was not sold in a defective condition unreasonably dangerous to Mr. Baines, and that no activities of defendants proximately caused Mr. Baines' injuries. If the work deck, sold broken down, had been properly assembled, then the hole through which Mr. Baines fell would have been guarded by safety chains. It is undisputed that if the safety chains had been in place, then Mr. Baines would not have fallen through the hole. The work deck was not, therefore, defective in the particulars alleged, nor did any of the manufacturer-defendants' activities proximately cause Mr. Baines' injuries. There being no genuine issue of material fact as to the claims against defendants Symons Corporation and Advance Construction Equipment, Inc., and these defendants having shown entitlement to judgment as a matter of law, their motions for summary judgment are due to be granted.
In support of their claim against defendants U.S. Pipe and Jim Walter Corporation, on the other hand, plaintiffs assert that these defendants breached a duty to provide Mr. Baines with a reasonably safe place to work, proximately causing his fall. The record reveals, however, that any duty these owner-defendants may have owed Mr. Baines was effectively delegated to the Underground Development Company, Mr. Baines' employer.
It is undisputed that the owner-defendants exercised no control over Mr. Baines' work area and that to do so would have constituted a breach of the contract with Mr. Baines' employer. Any liability of these defendants, therefore, must be premised, not on their own actions, but on responsibility for the actions of Underground Development Company.
Under Alabama state law, the owner of the premises is not normally responsible for the actions of an independent contractor. Evans v. Kendred, 362 So.2d 206 (Ala.1978); Chrysler Corp. v. Wells, 358 So.2d 426 (Ala. 1978). Neither mining nor construction are, of themselves, so dangerous as to create an exception to the general rule. Looker v. Gulf Coast Fair, 203 Ala. 42, 81 So. 832 (1919); 41 Am.Jur.2d Independent Contractors § 43 (1968).
Plaintiffs, however, argue that the facts present another exception to the general rule of nonliability, that created by a breach of a nondelegable statutory duty. That the owner-defendants were under a nondelegable statutory duty to see that safety chains were in place under 30 C.F.R. § 75-1400-3 (1976), promulgated pursuant *110 to the Federal Coal Mines Health and Safety Act, is undeniable. Bituminous Coal Operators Association, Inc. v. Secretary of Interior, 547 F.2d 240 (4th Cir. 1977). That duty, however, was owed to the federal government and not to Mr. Baines.
Plaintiffs cite Bituminous Coal Operators Association, Inc. v. Secretary of Interior, supra, for the proposition that the duty to comply with the Federal Coal Mines Health and Safety Act extends to owners of mines and cannot be delegated to independent contractors. However that may be, the duty is yet owed only to the federal government. Bituminous Coal Operators Association was a declaratory judgment action by an association of coal miners and an association of construction companies against the Secretary of the Interior. The Fourth Circuit held that the Secretary could cite owners for violations committed by independent contractors, since owners fell within the definition of "operator" under the Act. It did not hold that mine owners are vicariously liable in civil actions by injured employees.
That the duty to comply with the Act is not owed to private individuals is well stated by Judge Pointer in Williams v. Mead Corp., Civil Action No. 76-P-1696-S (N.D. Ala. Nov. 23, 1977). There, the court held there to be no implied private cause of action under the Act. Of interest, also, is the Fifth Circuit's holding in Jeter v. St. Regis Paper Co., 507 F.2d 973 (5th Cir. 1975), that there is no implied private cause of action under the Occupational Safety and Health Act. Therefore, though the duty to comply with the Act may not be delegated to an independent contractor, it is not owing to Mr. Baines. There being no duty to Mr. Baines, plaintiffs cannot recover for its breach. It thus appearing that there is no genuine issue of material fact as to the owner-defendants and that they are entitled to judgment as a matter of law, the motions for summary judgment are due to be granted.